PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

**14 CV 6767**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AMADOR ACEVEDO,

                 Plaintiff,

-against-

THE CITY OF NEW YORK,
P.O. RODRIGUEZ (tax #937413), JOHN DOE 1,

                 Defendants.
------------------------------------------------------------x

COMPLAINT

Jury Demand

      Plaintiff AMADOR ACEVEDO (hereinafter "Plaintiff") by and through his attorneys respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

    2.    The action is brought pursuant to 42 U.S.C. §1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3.  Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.  Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff is a resident of the County of Bronx, City and State of New York.

7.  Plaintiff is a Hispanic male.

8.  Defendant City is a municipality duly organized under the laws and regulations of the State of New York.

9.  The individual defendants are members of the NYPD and were acting under the color of state law and are being sued in their individual and official capacities. Defendant JOHN DOE 1 was defendant Rodriguez's partner on the date of the incident.

## FACTS

10. On October 26, 2011, at approximately 8 p.m., plaintiff was walking with his friend when they were stopped by the defendants.

11. Defendants asked plaintiff and his friend what they were doing in the neighborhood.

12. Plaintiff and his friend replied that they lived in the area and inquired why they had been stopped. Without any provocation or reason, defendants arrested plaintiff and his friend.

13. Plaintiff and his friend were transported to the 42nd precinct where their arrest was processed.

14. At that point, plaintiff learned that he was being charged with 2 felony counts of criminal possession of a controlled substance.

15. Defendants did not find any drugs on plaintiff but yet arrested him on the false charges.

16. Plaintiff was then transported to Central Booking where he spent nearly 48 hours before he was released on his own recognizance.

17. When plaintiff arrived for his court date on January 19, 2012, he was informed that the charges against him were dismissed.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Fourth Amendment)

18. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "17" with the same force and effect as if fully set forth herein.

19. There was no probable cause for the arrest or the continued incarceration of Plaintiff, and as such the Defendants' acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

20. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and she sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

21. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "20" with the same force and effect as if fully set forth herein.

22. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

23. As a result of the foregoing, Plaintiff was deprived of her liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United

States.

26. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals of color without any probable cause simply to generate overtime. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

27. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

28. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

29. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. Defendants targeted Plaintiff and discriminated against him by falsely accusing him of a crime because of his race and color and caused him deprivation of his constitutional rights.

32. As a result of these actions, Plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 15, 2014

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)